The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Please be seated. Mr. Dillbaum. Mr. Dillbaum. Good morning, Your Honor. May it please the Court. Along with Adrian Lapis, I represent Hank Bland, Kendall Jackson, and Luetta Innes, three North Carolina residents who were entered into rent-to-own agreements with Carolina Lease Management to purchase storage sheds and unknowingly were charged grossly illegal rates of interest on the order of 40% per annum. The long and short of our appeal now before this Court is that the District Court committed fundamental reversible error because it substituted the three-year limitation period in the Retail Installment Sales Act for the four-year limitations governing unfair and deceptive practices and the four-year limitations period in the Debt Collection Act. The Retail Installment Sales Act explicitly and unambiguously provides that a knowing and willful violation is automatically an unfair trade practice. The North Carolina Debt Collection Act expressly provides that a debt collector may not make misrepresentations when attempting to collect a debt. Both the Unfair Trade Practice Act and the Debt Collection Act have a four-year statute of limitations, four years from the date of violation. The Court below held that although the suit was unquestionably filed within four years after the plaintiffs entered into their rent-to-own agreements with the defendants, the unfair trade practice and debt collection claims that were predicated in part on the retail installment violations were nevertheless barred because the retail installment violations occurred more than three years before the suit was filed and had been found untimely on that basis. The effect of this ruling was to shorten the limitations period. You made willful and knowing allegations in the complaint? We do, Your Honor. Remind me what paragraphs they're in. May I briefly tell you what they are and then I'll look for the paragraphs? Yeah, go ahead. The allegations are that the Carolina Lease Management entered into hundreds of similar contracts with residents of North Carolina showing a pattern in practice because all of them had the same excessive illegal rate of interest, more than twice the 18 percent that North Carolina law limits in a retail installment sales act. So there was a pattern in practice. I found paragraph 111, which has two allegations of willful and knowledgeable conduct. Are there any others that you can remember? Yes, Your Honor. We also allege that there was a choice of law provision in these contracts and that the choice of law provision is unenforceable under North Carolina law because it violates public policy. Right. So how does that relate to the willful and knowing part? It shows, Your Honor, under the DENC decision of this court, a knowing and willful violation is one that occurs not by accident. Am I right? Really the crux of this case is under our retail installment sales act, you don't have to allege willful and knowing conduct. But if you do, then that puts it into the unfair trade practices. Exactly, Your Honor. And that's basically the issue here. Correct. And we believe that we adequately allege knowing and willful conduct. The district court didn't dismiss this case on the basis of whether we had or had not alleged knowing and willful conduct. The district court dismissed the case on the ground that the three-year statute of limitations for the retail installment act had run. As this court well knows, consumer protection laws are entitled to liberal construction so that they can serve the purpose for which they are intended. The Unfair Trade Practice Act and the Debt Collection Act both have different elements, as Your Honor has accurately pointed out, than the Retail Installment Act. They have different elements, they have different remedies, they have stronger remedies, and they have different statutes of limitation. We're asking this court to recognize those statute of limitations in the context of those particular laws. In the court below and in the complaint, we clearly alleged separate claims for unfair trade practices and debt collection violations. Derivative claims under a state consumer protection act must be evaluated  on the basis of the act in mind also. And here these were derivative in the sense that they derived from the Retail Installment Act, but they went beyond the Retail Installment Act. Why was it y'all didn't cite the Page case to Judge Boyle in a timely manner? Your Honor, we believe that we had adequately demonstrated to the court that these were separate claims, and we didn't recognize the Page claim at that time or we would have brought it to the court's attention. But you put all your eggs in that basket. I apologize, Your Honor, I didn't hear you. Reading your briefs and your Rule 59 motion and everything, you now put all your eggs in the Page basket, but it wasn't brought to the attention of the district court. And the district court depends on attorneys to notify. You made some general arguments that might be referred to on this UDTPA question before us, but all of a sudden this Page case becomes the centerpiece of your argument and it wasn't brought up before the district court until the Rule 59. And that kind of puts the trial courts at a bit of a disadvantage, doesn't it? Well, it does put the trial court at a disadvantage, but it's one that the court could have overcome by recognizing that the Page case, in fact, stood for the very proposition that we had contended all along, which is that both of these claims are separate claims and they have their own statute of limitations. In considering the Page case, the district court did consider the Page case, and so I think this court can also consider the Page case. But the district court then distinguished the Page case on the grounds which we assert is incorrect. The district court... Inconsensitive since it didn't help you anyway. Correct, Your Honor. And so arguably it wouldn't have helped us if we had cited it earlier because what the court said was that Page requires separate and distinct conduct, not that Page recognizes that the Unfair Trade Practice Act is a separate claim. We allege that these are separate claims. We recognize that they require additional conduct, as discussed with Augie a few minutes ago. They do require additional evidence, but, for example, a knowing and willing violation of the Retail Installment Sales Act will be demonstrated if the act does not occur by accident or by clerical error. That's not a difficult burden for the plaintiffs to show. We could well have done that. We plausibly pled that. But it's not the Supreme Court of North Carolina authority anyway, is it? No, Your Honor. Does that make a difference? What weight does the Court of Appeals authority have in North Carolina? Well, the district court is supposed to try to predict how the North Carolina Supreme Court would hold on the decision, on the issue, and the Page case is strong evidence that that is how the North Carolina Supreme Court would rule on the issue. And we would ask the court, this court also, to find that with the error below having been... What about the register case? Who raised that? That was raised by the defendants in the trial court, Your Honor, and that is the basis on which the motion to dismiss was granted in the first place. Does that help you or them? It helps them, Your Honor, but we submit that it was wrong because... The register case was wrong? Well, the decision was correct, Your Honor, because in the register case, the court relied on... Wasn't that decided on the merits instead of the statute of limitations? Insofar as pertinent to this case, the one sentence in the district court opinion that caused the problem for us, and that did not cite to any North Carolina authority, stated that the court's decision to dismiss the truth in lending claim on a statute of limitations basis was a merits determination. We submit that is incorrect. It was a procedure... Mr. Twombly, did you sufficiently plead a willful and knowing violation? I know you said, well, the North Carolina courts don't really require that, that anything suffices to be willful in the arrest and to entitle us to trouble damages, but we're here in federal court and we have federal procedural requirements. Even if it's a state law cause of action. And did you plead willful in knowledge and something more than in conclusory terms? We did, Your Honor. As I tried to explain, but perhaps not clearly enough, a little while ago, we pled that there was a clear pattern in practice showing that this was not just a clerical error. A clear pattern in practice with hundreds of North Carolina residents. As a general matter, the North Carolina courts have been reluctant to let these UDTPA actions run wild. I think they've tried to cabinet it a bit because the trouble damages, essentially punitive damages, are so steep, so the North Carolina courts have gone to some pains to try to cabinet this cause of action. Be that as it may, Your Honor, if we adequately pled an unfair trade practices act, we believe we're entitled to proceed on the merits of that claim in the court below. And as I mentioned earlier also, we pled that the choice of law provision, which is a separate provision in the contract, also showed a knowing and willful violation. Those together... Have you ever heard of the Shepard case? I'm sorry, I'm not... Shepard? There's a case called Shepard from the Supreme Court of North Carolina in 2006. I've looked briefly at it. It seems to me like it supports your position. Nobody cited it. It's consistent with Page. Well, I'm delighted to hear that, Your Honor. Well, I'll give you the citation. 638 Southeast 2nd, 197. Thank you, Your Honor. Supreme Court of North Carolina, 2006. As a... Just very quickly on the debt collection claim, those were additional claims, and there is absolutely no... Let me ask one. Did you cite down below Jennings v. Lindsay, which is another North Carolina Court of Appeals case that predates Page, but seems like says a lot of the same thing? We did not. All right. On the debt collection claims, those are independent violations, and there's absolutely nothing in the register case or any North Carolina decision that says that you cannot bring a debt collection case where the debt collection occurs within four years of your filing suit, as clearly happened here, that you cannot bring that because some predicate claim is time-barred. That would allow debt collectors to continue to collect on illegal debts, even usurious debts, without limitation. We submit that's not the law in North Carolina. The standard of clear error is a definite and firm conviction that the district court erred. We submit that we've adequately established that this court can and should find that it has a definite conviction that the district court erred, both as to the unfair trade practice and as to the debt collection. Thank you. Thank you, sir. Thank you. All right. Mr. Williams, let's hear from you. May it please the Court. Good morning, Your Honors. Jonathan Williams of Cedar Grove Law for the defendants in this matter. First is a knowing and willful violation of the Retail Installment Sales Act, RISA, subject to the unfair deceptive trade practices act, UDEPTA. It's a four-year statute of limitations instead of RISA's three-year statute of limitations. No. The legislature has defined what is an unfair deceptive trade practice in the specific context of RISA and in the context of consumer credit sales. Therefore, RISA's statute of limitations controls as to any knowing and willful violation. A knowing and willful violation isn't required to be pled for a RISA claim. It is required to be pled for an unfair trade practices act claim. They appear to have pled that and argued that. Why isn't that sufficient? I would argue that they've argued that, however, in this situation where the North Carolina legislature has so pervasively regulated consumer credit sales pursuant to RISA, and they have a private right of action and other enforcement provisions. And that's what was lacking in Page and the other cases that the plaintiffs cite for that proposition. In those cases, you had common law claims along with UDEPTA claims. They found that in those situations, even though there were regulatory statutes at play like the insurance statute in Page and then some of the other statutes that are regulatory, they all lacked private rights of actions or other appropriate enforcement provisions. I would submit to your honors that's where Skinner and Hutton got it right. Those were the cases that Register relied on when they made their decision. Both of those cases dealt with pervasively regulated areas subject to statutes where the statutes created causes of actions, private rights of actions, and other enforcement provisions. Do you have a case that says that you can't use Unfair Trade Practices Act statute limitations where the gravamen of the claim is that it's a RISA violation but that it's willing enough? No case on point for that exactly, your honor. The closest ones are the Skinner v. Hutton case, I mean Skinner v. Hutton and the Brinkman case cited by Register, and then the Register case, which is a district court case, not precedent for your honors. However, I will submit that Register got it right in their reliance on the governing statute of the case law and statutes in North Carolina. Both Brinkman v. Hutton was a North Carolina Supreme Court case in 1985. And then the other one, Brinkman v. Verritt, was a North Carolina Court of Appeals from 2003. The page analysis does not apply because there are private rights of action and other enforcement provisions within the RISA statute regulating consumer credit sales. And just like in Skinner and Brinkman, where either the federal legislature or state legislature pervasively regulated a specific and particular area. They held they were not willing to extend additional separate and distinct you did the violations in those situations. Judge, I would cite a case, one that was cited by the plaintiffs in their original response to motion to dismiss, the case of Fowler v. Valancourt. And in that case, Judge, they looked at, to your question, which statute of limitations would control. I would submit to you, in this situation, you have two potential statutes overlapping here, imperia materia. So in this situation, in order to determine which statute of limitation would control, look to the more specific statute. The more specific statute as to the consumer credit sales. The consumer credit sales violations that they're claiming occurred here that were knowing and willful are rooted and based in RISA, which has a three-year statute of limitations. And following Fowler v. Valancourt, the case cited by the plaintiffs below, it would hold that you would look to RISA and its statute of limitations, even for knowing and willful. And I also submit to your honor that RISA defines what is an unfair and deceptive trade practice. It doesn't say it's an automatic violation of the unfair and deceptive trade practices act. And I think that is also in line with Page, with Dink, decided by the Fourth Court of Appeals, and the other cases wherein they were not willing to extend that UDEPTA claim where it was so pervasively regulated, defined, and had its own enforcement and cause of actions within the specific statute. So when the underlying harm under RISA and the UDEPTA action relate to the same thing, which is the validity in connection with the lease agreement, and they relate to the same harm, and we allow the UDEPTA action to go forward, are we essentially annulling the RISA statute of limitations and making it into a four-year statute of limitations in contradiction to what the North Carolina legislature has provided? In other words, there are two distinct statutes of limitation. And if the underlying harm is for each, and the UDEPTA is essentially a vehicle for enforcing a RISA violation, I'm wondering if we say the UDEPTA action should go forward, whether we have to all intents and purposes or effectively annul the three-year statute of limitations under RISA, which was provided by the North Carolina legislature. I mean, that's just a concern I have. Am I right about that? Yes, Your Honor. Am I following correctly that if y'all were to rule for the plaintiffs today, you'd essentially be holding that RISA's three-year statute of limitations is only three except for when there's an alleged unfair deceptive trade practice, right? I would say that would annul RISA, and it would also be out of line with Skinner and... These other two statutes have a four-year statute of limitations. Pardon? These other two statutes have a four-year statute of limitations. Which statutes? Well, the ones that they're appealing. The ones that are appealing... Oh, right. But the three years was applied to it because it said it pulled through that other claim. Yes, Your Honor. And I would submit that any claim that... I don't understand all those acronyms that y'all throw around for these claims. You need to understand that. You say you do or don't? I do not understand these acronyms that lawyers throw around all the time. I can't keep up with all of them. Yes, sir. And I work for the government. Yes, sir. And they're the worst offenders. So I'll refer to the Retail Installment Act or the Unfair Trade Practice Act. So a close examination... But the Unfair Trade Practice Act is a four-year statute of limitations. It is. That's correct. And then the court below... You've got that thrown out on a three-year statute of limitations. Correct. That's right. Yes, sir. And so we're here today also in addition to I think what the plaintiffs have asserted that they've... I think they asserted two different claims for Unfair Trade Practice Act violations. They're claiming the knowing and willful violations of RISA automatically take it out of the Retail Installment Sales Act and its three-year statute of limitations and puts it over to Unfair Trade Practices. I wanted to be sure I understood this correctly from an earlier answer. There were two North Carolina Court of Appeals cases, Page and Jennings, that allowed the four-year statute of limitations even though the underlying claims would have been prohibited. It allowed those to go forward under the Unfair Trade Practices Act. I understand you to say that the difference is those cases involved common law claims as opposed to a statutory claim. Yes, Your Honor, that was one of the big distinctions noted and even relied on in Page and Ellis and the cases it cited when they decided to have the separate and distinct Unfair Trade Practices claim  citing the reason that under the current statute, the insurance regulatory statute, there was no private right of action or other enforcement provision. So in keeping with the intent of the legislature, they brought common law claims for breach of contract asserting that they negotiated the settlements unfairly under the statute. In none of these statutes did the legislature say, this is an exclusive remedy so that if there's a derivative statute like the debt collection one or the unfair trade practices, that there cannot be a claim for them based on this underlying RISA claim. Would you ask that again, Judge? I want to make sure I'm following correctly. What I'm asking is, is there anything specific in the statute that says if the claim is based on actions that come under the Retail Installment Sales Act, then that is the exclusive cause of action that you can bring. Judge, because clearly there are other actions that have been brought that were based on factual issues that had a shorter statute of limitations and the North Carolina courts allowed those cases to go forward under the Unfair Trade Practices Act. I'm not aware of any language, perhaps the scope of that, Judge might answer the question. This chapter applies only to consumer credit sales as here and after defined and it has some exceptions. And it also goes on to say that this chapter does not apply to any part of your transaction that is not also subject to the provisions of the Consumer Credit Protection Act. Judge, I would point out too, back to Brinkman and Skinner, in those cases they found that when a specific statute pertaining to a specific area and contains a private right of action, they were unwilling to find the additional Unfair Deceptive Trade Practice Act violation because they thought that would be supplemental to what the legislature has already determined what should be unfair and deceptive under a specific statute in a specific area of law. And so this legislature could say in that part where a knowing and willful violation is an unfair and deceptive trade practice, they could go on further and say and is subject to the four-year statute of limitations of the Unfair Trade Practice Act instead of RISA, but they didn't. The only time they spoke to which statute would control these situations was the one that controls the Retail Installment Sales Act. And this is what the district court found that under Section 1-52, subsection 2, an action must be brought within three years in North Carolina upon a liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it. I would submit based on that that the fact the legislature did not put language in the Retail Installment Sales Act that would say it would be subject to another statute of limitations or another time period means anything coming out of that statute would be subject to its three-year statute of limitations. And in this situation, inside of the statute of the Retail Installment Sales Act, it doesn't mention timing or different timing. We only have the three years to control anything that comes from RISA and related to consumer credit sales. And Judge, I would further submit that the plaintiffs are calling consumer credit sales and retail installment violations something else here by trying to call them outside of the knowing and willful violations. Even the case they cited, the Maddox case, in support of their position that the choice of law provision in the contract took it outside of just the regulatory confines of the Retail Installment Sales Act. Your basic problem is that you do have a number of several North Carolina decisions that are permissive of the four-year statute of limitations in UDTPA actions and have allowed them to go forward. How do you address that? Because there are these North Carolina cases that are somewhat permissive in holding that the UDTPA is a separate cause of action. So how do you deal with those? What would you say? I would say, Your Honor, that after reading each and every one of those cases, there's a similar pattern and thread within those cases. Are you including the Page case in that? Yes, sir. I would say Page, the Dink case, D-E-N-C. How about the Shepard case that I mentioned to you? That's one case I don't have here, but... I'll give you the site. Yes, sir. I'll admit it hasn't been cited by anybody yet.  Well, Judge, if it's... But... It was by the Supreme Court in North Carolina. Yes, sir, Your Honor. So the holding of Dink, Page, Ellis, Cooper, Gray, Winston, Realty, and Dellinger, all cases cited... You wouldn't hold... Are you holding it against them that they didn't cite that Page case on time? I don't hold it against them. It comes out the same either way. So it doesn't make any difference. If you say Page, it doesn't hurt. Not at all. Not at all. And I say here's the common thread for Page... Okay, and anyway, it was considered by the court. They cited it at a time, but it was considered anyway. Well, the court didn't mention it in their original decision. On the motion for reconsideration, it was... It was considered. He chastised them for not filing it timely. Yes, sir, Your Honor. And then he considered it. Yes, that's correct. He did consider it. And even after considering, still found that... He rejected it. Yes, sir, Your Honor. And I would say the common thread in Page and all those cases is this. We have the Unfair Deceptive Trade Practice Act at play. You have common law claims that are brought either based on common law, remedies, or in addition to regulatory statutes that were passed. Your point is that Judge Agee's good comment about the difference between a statutory provision and a common law cause of action is pretty significant. Yes, Your Honor, that's correct. And I would submit that's why Page and other cases came out the way they did and that Skinner and Brinkman didn't. The permissiveness on a common law cause of action doesn't necessarily carry over to statutory limitations. And why do you say that? Well, reading the cases... I mean, I think there is a significant difference, and perhaps the difference is that courts are required to pay additional deference to a statutory limitation, more so than a common law cause of action where the courts have a greater freedom. I agree with that, Your Honor, and I think it also gets in the realm of potentially legislating from the bench if we start adding and putting more to specific statutes, particularly directed. Let me tell you something about that Shepard case. Yes, sir. All right. The plaintiffs had a usury claim under Chapter 24 and a UTPA claim under Chapter 75. Even when the plaintiffs conceded that their unfair and deceptive trade practices claim, that's Chapter 75, it's derived from their usury claim, that's Chapter 24. The applicable, this is a quote from the court, applicable statute of limitations was the four-year statute of limitations from Chapter 75. That's the Supreme Court of North Carolina. It's a case that you and your colleague were not familiar with. Yes, Your Honor. I shouldn't be helping you out, probably. Oh, that's all right. Because I don't represent either side. We should let you go about this principle of party presentation. It may be the fact that it's improper for me to be bringing it up, but it seems to be a pronouncement by the Supreme Court of North Carolina. Yes, Your Honor. And I think that's online with the X. Rel. Cooper case that the plaintiffs cited about the usury statute. And the reason they did that is, I would submit, I'd like to read Shepard before I go out on a limb and make a guess here, but if it's referred to the North Carolina usury statute, there are no private rights of action under that statute nor statute of limitations. So they would be correct in holding that if it was based on a common law claim coupled with that statute that doesn't provide a private right of action, then yes, then the four-year, that analysis of Page would control there because you don't have the pervasiveness that you do in Brinkman or Skinner. And that's what Register relied on. Even though not controlling here, Register got it right for those reasons. And lastly, I would point out in Register that they didn't denote, oh, I'm sorry, I'm already over time. So I'll stop there. Sorry about that, Your Honors. Thank you. Do you have some rebuttal time, sir? I do. Brief, Your Honor. Thank you. I just want to say, apart from my concern about whether we were effectively nullifying the three-year statute of limitations under RISA in the name of a punitive damages action, I'm annoyed by the fact that this Page decision made this belated appearance only in the Rule 59 motion. I just don't think that that is a good way to litigate a case. And it seems to me that advocates owe district courts a sort of full accounting of their position when they appear before them. And I don't know whether this is strictly a plain-air matter or not. But district courts depend on advocates to make their views known. And this belated appearance is, I just say it's annoying to me in the way that this was litigated. Why wasn't that case, which you say is all that crucial, I'm not sure it's crucial because I think it may be distinguishable on some ground. But why? What reason was there for you not to bring that up earlier, sooner rather than later? Your Honor, I certainly understand the court's concern. There was no reason that we couldn't have brought it up earlier. And there was no reason that we shouldn't have, except that we thought we had adequately stated reasons and explanations for why these two statutes, the Unfair Trade Practices Act and the Debt Collection Act, have their own four-year statute of limitations. And on that specific issue, which is the one before this court, I'd like to address another concern Your Honor expressed earlier, Judge Wilkinson, and that the defendant also raised in their argument. The concern was that by acknowledging a four-year statute of limitations here, you might somehow be annulling the three-year Retail Installment Sales Act statute of limitations. That isn't the case because the statute itself says that annoying and willful violation is an unfair trade practice. It doesn't then say the unfair trade practice... Which statute says that, the RISA or the Unfair Trade Act? Sorry, that's in the RESA. And that statute, while saying that annoying and willful violation is an unfair trade practice act, it doesn't say that only the remedies in the Retail Installment Act will apply to that unfair trade practice act. That would negate the whole purpose of making it an unfair trade practice act. And similarly, if the remedies... What about my colleague's comments that the permissive approach and the greater latitude that was afforded the UDTPA actions, that they came in common law cases? We don't think that matters, Your Honor. Why wouldn't that matter? Well, this statute explicitly provides that an annoying and willful violation is an unfair trade practice. That's also a distinction between a point that Mr. Williams made when he refers to the register case. In the register case, the court, and I quote, the court relied on cases in North Carolina not to find that there was a time-barred claim. But it said, Two cases in North Carolina have held that unfair trade practices claims could not be based upon violations of other federal statutes providing pervasive regulation of a particular area of law. We're relying on a state statute, the Retail Installment Act, that by its very terms, recognizes that even though the Retail Installment Sales Act regulates interest rates, if there's a knowing and willful violation, then it becomes an unfair trade practice. And that also, I think, responds to a concern that was, or an argument that Mr. Williams made, that Page doesn't apply because there are extensive regulations of interest rates in the Retail Installment Sales Act. That's true. But the legislature obviously intended that if there was a knowing and willful violation, there would be more than just the regulation of the interest rates. Normally, you just get sort of compensatory damages if there's a violation. You don't have to show that it was intentional. You get damages. If they charge 19% instead of 18%, you get damages. But you don't get a willful violation because they charge 19% instead of 18%. You only get a willful violation if you show there was a knowing. I'm sorry. You only get unfair trade practice if you show there was a knowing and willful violation. And we, again, as Aggie has pointed out, or has discussed with me, we did adequately plead knowing and willful violation. Thank you, Your Honor, very much for your time this evening. We thank both of you all, and we will adjourn court and come down and greet counsel. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: J. Harvie Wilkinson III, Robert B. King, G. Steven Agee